

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 11, 2015

Mr. Kim C. Wyatt
President and Chairman, Board of Directors
Trinity River Authority of Texas
Post Office Box 60
Arlington, Texas 76004

Opinion No. KP-0020

Re: Whether the Open Meetings Act prohibits a governmental body from holding a meeting at a location that requires the presentation of photo identification (RQ-1232-GA)

Dear Mr. Wyatt:

You ask whether the Open Meetings Act prohibits a governmental body from holding open meetings at a location that requires the presentation of government-issued photo identification for admittance.[1] You explain that the Trinity River Authority ("the Authority") would like to hold regular meetings at its Central Regional Wastewater System Plant ("System Plant"). Request Letter at 1– 2. You further explain that "in response to the terrorist attacks of September 11, 2001, the Authority began requiring visitors to the [System] Plant to furnish security personnel with government-issued photo identification." *Id.* at 1.

The Open Meetings Act (the "Act") requires that "[e]very regular, special, or called meeting of a governmental body shall be open to the public," with limited exceptions articulated in the Act. TEX. GOV'T CODE ANN. § 551.002 (West 2012). The Act further defines "open" to mean "open to the public." *Id.* § 551.001(5) (West Supp. 2014). No language in the Act, however, addresses whether an identification requirement at a meeting location would violate the statutory requirement of openness.[2]

---

[1]*See* Letter from Mr. Kim C. Wyatt, President & Chairman, Bd. of Dirs., Trinity River Auth., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Nov. 20, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]In contrast, other states' open meetings laws expressly prohibit governmental bodies from requiring identification in order to attend an open meeting. *See, e.g.*, KY. REV. STAT. ANN. § 61.840 (West, Westlaw through 2015 reg. sess.) ("No person may be required to identify himself in order to attend any" meeting of a public agency.); MICH. COMP. LAWS ANN. § 15.263(4) (West, Westlaw through 2015 reg. sess.) ("A person shall not be required as a condition of attendance at a meeting of a public body to register or otherwise provide his or her name or other

Prior opinions from this office have construed the Act to mean that an open meeting must be "physically accessible to the public." Tex. Att'y Gen. Op. Nos. GA-1079 (2014) at 2, JC-0487 (2002) at 2–3, JC-0053 (1999) at 5. Those opinions conclude that meetings held in New York City or Mexico would likely violate the Act due to the difficulty that members of the public would face in attempting to access the meeting locations. No Texas court cases or attorney general opinions directly address the legality of an identification requirement under the Act, although Opinion JC-0487 suggests that requiring identification for admittance to a meeting "could have a chilling effect on the public's willingness to attend." Tex. Att'y Gen. Op. No. JC-0487 (2002) at 4 (quotation marks omitted).

However, a number of facilities that are open to the public now require photo identification for security purposes. Most federal courthouses require visitors to produce photo identification before entry.[3] *See United States v. Smith*, 426 F.3d 567, 572–74 (2d Cir. 2005) (holding that a photo identification requirement for access to a courthouse did not violate a defendant's right to a public trial). Adult passengers must provide identification at an airport in order to travel.[4] These identification requirements are likely intended as a security measure to provide protection to the general public and not to otherwise limit the public's access to these venues.

A court addressing your question would likely weigh the need for the identification requirement as a security measure against the public's right of access guaranteed under the Act. Absent direct language from the Legislature prohibiting identification requirements, a court is unlikely to conclude as a matter of law that the Act prohibits a governmental body from holding open meetings at a location that requires the presentation of government-issued photo identification for admittance. Whether a specific meeting location is accessible to the public for purposes of the Act is ultimately a question of fact, however, and may depend upon, for example, the type of governmental body, the nature of the interested public, the available alternative meeting locations, and the specific procedures used in requiring photo identification. *See* Tex. Att'y Gen. Op. Nos. GA-1079 (2014) at 2, JC-0053 (1999) at 6. Such fact-intensive determinations are not appropriate for the opinion process of this office. Tex. Att'y Gen. Op. No. GA-0756 (2010) at 4.

---

information . . . ."); NEB. REV. STAT. ANN. § 84-1412(3) (West, Westlaw through 2014 reg. sess.) ("No public body shall require members of the public to identify themselves as a condition for admission to the meeting . . . .").

[3]*See, e.g.*, U.S. COURT OF APPEALS FIFTH CIRCUIT, Visitors Guide to the Historic John Minor Wisdom Court of Appeals Building at 1, http://www.lb5.uscourts.gov/Documents/VisitorsGuide.pdf.

[4]U.S. DEPT. OF HOMELAND SECURITY, TRANSP. SEC. ADMIN., Acceptable IDs, http://www.tsa.gov/traveler-information/acceptable-ids#main-content.

## S U M M A R Y

A court is unlikely to conclude as a matter of law that the Open Meetings Act prohibits a governmental body from holding meetings at a location that requires the presentation of photo identification for admittance. Whether a specific meeting location is accessible to the public for purposes of the Act, however, is a question of fact and is not a determination appropriate for the attorney general opinion process.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General